UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Innovative Financial Systems, Inc., directly on its own behalf and derivatively on behalf of AmeriCash, Inc.,

Plaintiffs,

v.

Kevin Dean Maulson,

Defendant.

Civil File No. 00-1599 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court upon Defendant's Motion to Dismiss or Alternatively to Transfer. For the reasons that follow, the Court denies the Motion and remands the case back to Dakota County district court.

**BACKGROUND**

Defendant Kevin Dean Maulson ("Maulson"), a California citizen at the time of the filing of this lawsuit, is the president of AmeriCash, a corporation which places and maintains ATMs in Native American casinos and other retail outlets. AmeriCash is a Nevada corporation with its principal place of business in Temecula, California. Plaintiff Innovative Financial Systems, Inc. ("IFS") provides cash access services (e.g., check cashing, credit card cash advances, and the use of ATMs) at Native American casinos. IFS is a Minnesota corporation with its principal place of business in Eagan, Minnesota.

FILED DEC 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD DEC 01 2000
DEPUTY CLERK

On June 3, 1999, IFS and Maulson signed an Agreement for Sale of Stock (the "Agreement") under which IFS purchased all outstanding shares of AmeriCash stock from Maulson. Although he sold all of his stock to IFS, Maulson remained President of AmeriCash and retained authority over its operations.

On June 16, 2000, IFS filed suit on its own behalf and on behalf of AmeriCash in Dakota County district court, claiming that Maulson misappropriated approximately $600,000 from AmeriCash accounts. On that same day, the court entered an ex parte temporary restraining order ("TRO") granting IFS exclusive control over AmeriCash's finances. The court also ordered Maulson to remit the misappropriated funds on or before July 20, 2000. When Maulson refused to comply with the terms of the TRO, IFS filed another lawsuit in California state court seeking the same relief it sought in Dakota County. The California Superior Court at Riverside County issued essentially the same ex parte TRO against Maulson. Pursuant to the Agreement's forum selection clause,[1] the case was later transferred to San Diego County, where it remains.

On July 6, 2000, Maulson removed the Dakota County case to this Court on the basis of diversity jurisdiction. Maulson now argues that the case should be dismissed for improper venue or transferred to the Southern District of California pursuant to the forum selection clause. In the alternative, Maulson seeks dismissal, contending that his contacts with

---

[1] The clause reads: "Any litigation regarding this Agreement shall be in the appropriate court in the County of San Diego, State of California." (Compl. Ex. 1 ¶ 12.) The appropriate federal court is the United States District Court for the Southern District of California.

Minnesota are insufficient for the exercise of personal jurisdiction.

**DISCUSSION**

It is immediately clear that there is a serious question as to this Court's jurisdiction over this case. Simply put, because AmeriCash and Maulson were both citizens of California at the time of the filing of this lawsuit, there is not complete diversity between the parties and consequently no diversity jurisdiction.[2] 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. 267 (1806). In his Notice of Removal, however, Maulson contends that because this is a derivative suit, AmeriCash should be realigned as a Defendant for purposes of determining diversity. After realignment, there would indeed be complete diversity and this Court would have jurisdiction over the case. Upon reviewing the law in this area, however, the Court concludes that such realignment is inappropriate in this case.

More than forty years ago, the Supreme Court plainly held that where the parties as originally aligned are antagonistic "on the face of the pleadings and by the nature of the controversy[,]" realignment is inappropriate. Smith v. Sperling, 354 U.S. 92, 96-97 (1957). Here, there can be no serious doubt that there is a "real collision" between AmeriCash and Maulson. According to the Complaint, Maulson misappropriated nearly $600,000 of AmeriCash funds and in so doing breached his fiduciary duty to AmeriCash. Whether Maulson will ultimately be found liable for such conduct is of no moment. See id. ("A trial may demonstrate that the stockholder is wrong and the management right. It may show a

[2] There has been no federal question raised in this case. See 28 U.S.C. § 1331.

dispute that lies in the penumbra of business judgment, unaffected by fraud. But that issue goes to the merits, not to jurisdiction."). The Court therefore summarily denies Maulson's Motion and remands the case to Dakota County district court, where it was originally filed.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court denies Maulson's Motion to Dismiss or Alternatively to Transfer and remands the case back to Dakota County district court.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Kevin Dean Maulson's Motion to Dismiss or Alternatively to Transfer (Clerk Doc. No. 4) is **DENIED**; and
2. The case is remanded to Dakota County district court, where it originated.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 1, 2000

Paul A. Magnuson
United States District Court Judge